# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOY BRAUNSTEIN | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 2:18-cv-00788-LPL |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| PAWS ACROSS PITTSBURGH and MINDY JAMES, | : | |
| | : | |
| Defendants | : | |

## DEFENDANTS PAWS ACROSS PITTSBURGH AND MINDY JAMES' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

*AND NOW*, come Defendants, Paws Across Pittsburgh ("Paws") and Mindy James ("James"), (hereinafter collectively "Defendants"), by and through their undersigned counsel, John P. Morgenstern, Esquire of Deasey, Mahoney & Valentini, Ltd., and move this Honorable Court to dismiss Plaintiff's Second Amended Complaint pursuant to FED. R. CIV. P. 12(b)(6), and in support thereof aver as follows:

1. Plaintiff initiated this action on June 15, 2018, asserting numerous claims arising out of a criminal complaint of two counts of animal neglect pursuant to 18 *Pa. C.S.A.* § 5531, et seq.

2. Defendants moved pursuant to Rule 12(b)(6), and Plaintiff filed an Amended Complaint to render the Motion to Dismiss Moot.

3. Moving Defendants filed a Motion to Dismiss and Memorandum of Law on October 23, 2018, seeking to Dismiss the Amended Complaint. On April 3, 2019, this Court dismissed with prejudice Plaintiff's § 1983 claim for malicious prosecution in violation of the Fourteenth Amendment procedural due process clause in Count I, and Plaintiff's § 1983 claim for reckless

investigation in violation of the Fourteenth Amendment substantive due process clause in Count II.

4.  The Court dismissed Plaintiff's § 1983 *Monell* claim against Paws and Plaintiff's request for punitive damages without prejudice, giving Plaintiff an opportunity to amend the Complaint once again, to assert a stand-alone claim of fabrication of evidence.[1]

5.  Plaintiff's Second Amended Complaint fails to state any claim against Paws Across Pittsburgh or Mindy James for which relief may be granted.

6.  To establish a fabrication-of-evidence claim, a plaintiff must show there is a reasonable likelihood that, absent that fabricated evidence, the defendant would not have been criminally charged. See, *Black v. Montgomery Cty.*, 835 F.3d 358, 369 (3d Cir. 2016).

7.  To meet the "reasonable likelihood" standard, the plaintiff must establish a "meaningful connection" between the due process injury and the use of fabricated evidence. *Id.*

8.  The plaintiff must also establish "that the fabricated evidence 'was so significant that it could have affected the outcome of the criminal case.' " *Id.*

9.  Testimony that is incorrect or simply disputed should not be treated as fabricated merely because it turns out to have been wrong. Instead, there must be persuasive evidence that the fabricated evidence's proponents knew the evidence was incorrect or offered it in bad faith. *Halsey v. Pfeiffer*, 750 F.3d 273, 295 (3d Cir. 2014).

10.  Further, though the Third Circuit has not determined whether or what injury is required to establish a fabrication of evidence claim, Plaintiff here has failed to plead sufficiently that she has suffered a deprivation of a life, liberty, or property interest.

---

[1] Plaintiff's Opposition to Defendants' second Motion to Dismiss included footnote "3": "The Third Circuit Court of Appeals has recognized a standalone claim for fabrication of evidence under the procedural due process clause. *Halsey v. Pfeiffer*, 750 F.3d 273, 294 (3d Cir. 2014). Therefore, if this Court finds that a malicious prosecution claim is not appropriate here, Plaintiff respectfully requests that the Court allow Plaintiff to amend to include a standalone fabrication of evidence claim."

11. Plaintiff's Second Amended Complaint simply reiterates – to the letter – all of the factual allegations in the Amended Complaint.

12. Defendant James is entitled to qualified immunity with regard to Plaintiff's fabrication of evidence claim.

13. Plaintiff's *Monell* claims against PAWS must fail, as Plaintiff has failed to plead that PAWS failed to properly train James.

14. Plaintiff's request for relief in the form of punitive damages must be stricken.

15. Pursuant to FED. R. CIV. P. 12(b)(6), Plaintiff's Amended Complaint should be dismissed for failure to state a claim for which relief may be granted.

**WHEREFORE**, Defendants respectfully request that this Honorable Court grant this Motion and dismiss all claims in Plaintiff's Amended Complaint, with prejudice.

**DEASEY, MAHONEY & VALENTINI, LTD.**

Date: May 6, 2019     BY:   **/s/ John P. Morgenstern**
Attorney I.D. No. PA80014
Deasey, Mahoney & Valentini, Ltd.
1601 Market Street, Suite 3400
Philadelphia, PA 19103
215-587-9400
jpmorgenstern@dmvlawfirm.com
*Attorney for Defendants*

**Certification of Service**

I, John P. Morgenstern, hereby certify that on the date set forth below, I did cause a true and correct copy of the foregoing Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to FED. R. CIV. P. 12(b)(6) Filed on Behalf of Defendants Paws Across Pittsburgh and Mindy James and Memorandum of Law in Support thereof to be filed with the Court's ECF/PACER electronic filing system, where it was available for immediate viewing and download to the following individual:

Joel S. Sansone, Esquire
**LAW OFFICES OF JOEL SANSONE**
603 Stanwix Street, Suite 1290
Pittsburgh, PA 15222

/s/ John P. Morgenstern

John P. Morgenstern, Esquire

Date: May 6, 2019